Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 50200 | **DATE** | 12/6/2012 |
| **CASE TITLE** | Sackett v. Android Industries, LLC | | |

**DOCKET ENTRY TEXT:**

Defendant's motion to dismiss [12] is denied.

■ [ For further details see text below.]

Docketing to mail notices.

---

In this employment discrimination action, plaintiff, Edward Sackett, raises claims of discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. Defendant, Android Industries, LLC, has filed a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the portion of plaintiff's first amended complaint alleging wrongful termination should be dismissed because no such claim was included in plaintiff's charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). After review, the court denies defendant's motion to dismiss.

According to the complaint and its attachments, which the court must take as true at this stage of the proceedings, plaintiff suffers from peripheral vascular disease and is a qualified individual with a disability for purposes of the ADA. Before March 31, 2011, plaintiff had requested and received an accommodation for his disability of using a stool or chair to minimize the use of his right leg. On or about March 31, 2011, however, plaintiff was told that he could no longer receive this accommodation because of a new company policy. Thereafter, on April 28, 2011, plaintiff filed a charge of discrimination with the EEOC, alleging that he was being discriminated against because of his disability based on defendant's denial of his request for a reasonable accommodation. On October 10, 2011, plaintiff was terminated "as a direct result of his disability and his request for accommodation." Plaintiff did not file a second EEOC charge or amend his pending charge to include a claim based on his termination. On or about March 3, 2012,[1] plaintiff received a Notice of Right to Sue letter from the EEOC, and he timely filed the instant lawsuit on May 28, 2012.

In general, a plaintiff in an employment discrimination action "may bring only those claims that were included in [his] EEOC charge, or that are like or reasonably related to the allegations of the charge and growing out of such allegations." McKenzie v. Ill. Dep't of Transp., 92 F.3d 473, 481 (7th Cir. 1996) (citation and quotation marks omitted). "This rule serves the dual purpose of affording the EEOC and the employer an opportunity to settle the dispute through conference, conciliation, and persuasion, and of giving the employer some warning of the conduct about which the employee is aggrieved." Id. at 481-82 (quotation marks omitted).

The Seventh Circuit has recognized an exception to this general rule, however, "where the alleged retaliation arose after the charge of discrimination had been filed," noting that requiring "a double filing would serve no purpose except to create additional procedural technicalities when a single filing would comply with the intent" of the exhaustion requirement. Steffen v. Meridian Life Ins. Co., 859 F.2d 534, 545 n.2 (7th Cir.

1988) (alteration and quotation marks omitted). The Seventh Circuit has consistently noted or applied this exception in subsequent cases. See, e.g., Swearnigen-El v. Cook Cnty. Sheriff's Dep't, 602 F.3d 852, 864 n.9 (7th Cir. 2010) ("Swearnigen does not contend that the alleged retaliation arose after his EEOC charge had been filed, which would not require exhaustion."); Horton v. Jackson Cnty. Bd. of Cnty. Comm'rs, 343 F.3d 897, 898 (7th Cir. 2003) ("[R]etaliation for complaining to the EEOC need not be charged separately from the discrimination that gave rise to the complaint."); Gawley v. Ind. Univ., 276 F.3d 301, 314 n.8 (7th Cir. 2001) ("Of course, an employee is not required to file a separate EEOC charge alleging retaliation when the retaliation occurs in response to the filing of the original EEOC charge."); McKenzie, 92 F.3d at 482 (noting that it is "unnecessary for a plaintiff to exhaust administrative remedies prior to urging a retaliation claim growing out of an earlier charge" (quotation marks omitted)).

In this case, because plaintiff has alleged that the retaliatory discharge occurred after, and in response to, plaintiff's charge of discrimination with the EEOC, plaintiff was not required to file a second charge with the EEOC concerning the retaliation. Therefore, defendant's motion to dismiss based on this purported failure to exhaust is denied.

1. Plaintiff's first amended complaint alleges that he received his Notice of Right to Sue letter from the EEOC on March 3, 2011. The Notice of Right to Sue attached to the first amended complaint makes clear that this is a typographical error, and the court will assume that plaintiff intended to allege receipt in 2012.