# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Edward Sackett, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No: 12 C 50200 |
| | ) | |
| Android Industries, LLC, | ) | |
| | ) | |
| *Defendant*. | ) | Judge Frederick J. Kapala |

## ORDER

Plaintiff has satisfied this court as to the obligation it set in its February 4, 2015 Order [70], and thus the requirement that plaintiff show cause is discharged. This case is transferred back to the magistrate judge for further pretrial proceedings.

## STATEMENT

This court ordered plaintiff, Edward Sackett, to explain the apparent discrepancy between the instant suit, wherein he is suing his former employer for discrimination pursuant to the Americans with Disabilities Act ("ADA"), and his receipt of Social Security Disability Insurance ("SSDI") benefits for the same disability. The apparent contradiction comes from the fact that, in order to receive SSDI benefits, Sackett must convince the Social Security Administration ("SSA") that his disability makes him unable to do any "substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). On the other hand, to succeed in this case, Sackett must ultimately prove that he was capable of doing the essential functions of his job. See 42 U.S.C. § 12111(8). In situations such as the instant one, the Supreme Court has held that the law stops short of presuming a conflict between the receipt of SSDI benefits and an ADA claim, but requires that an ADA plaintiff adequately explain the apparent contradiction before proceeding further. See Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 807 (1999).

After a protracted period of receiving Sackett's SSDI application packet and several abortive rounds of briefing by the parties, Sackett has indicated that he told the SSA that he was capable of working with a reasonable accommodation (assignment to a sitting position), and inexplicably they approved him anyway. His SSDI application bears out his claim—on page 2 Sackett wrote under the question "What did you do all day?" in describing his job with defendant:

> First 2 1/2 yrs [sic] worked trans hoist[.] 2009 went to spin tech because of my disability[.] April 2011[,] Android informed me they would not longer accomadate [sic] my disability.

On that same page, Sackett went on to indicate that, prior to 2009, he spent 8-10 hours a day walking or standing, but after 2009 he spent his days sitting for 8-10 hours. Despite acknowledging the ability to do his previous job so long as he could do it sitting, the SSA approved him for benefits.

In Cleveland, the Court addressed the possibility of this occurring, as the SSA has to "administer a large benefits system efficiently" and thus is required to "eliminat[e] consideration of many differences potentially relevant to an individual's ability to perform a particular job." Id. at 804. "The result is that an ADA suit claiming that the plaintiff can perform her job with reasonable accommodation may well prove consistent with an SSDI claim that the plaintiff could not perform [his] own job (or other jobs) without it." Id. at 803. The Seventh Circuit has put it more bluntly: "contradictions are unacceptable: a person who applied for disability benefits must live with the factual representations made to obtain them, and if these show inability to do the job then an ADA claim may be rejected without further inquiry." Opsteen v. Keller Structures, Inc., 408 F.3d 390, 392 (7th Cir. 2005). In Opsteen, the plaintiff had represented his mental condition to a disability pension benefits administrator in such a way that he "could not do his former work even with a reasonable accommodation." Id. At his deposition, the plaintiff then tried to back away from those factual representations, claiming that the benefits administrator's agreement with his previous representations was a "gloomy assessment" and "mistaken." Id. But the Seventh Circuit held that plaintiff could not "have things two ways, depicting himself as mentally incompetent in order to obtain disability benefits but as mentally capable in order to secure employment" on account of Cleveland and its progeny. Id.

Here, there is no contradiction. When he applied to the SSA, Sackett indicated that he was capable of working as he had in the past, but only with a specific accommodation. He is stuck with that factual representation, but that does not matter, as it is the same theory he espouses in this suit. Thus, the court is satisfied that Sackett has sufficiently explained the situation as required by Cleveland, and the rule to show cause requiring Sackett to explain is discharged. This case is transferred back to the magistrate judge for all remaining pretrial proceedings.

Date: 1/4/2016

ENTER:

_____
FREDERICK J. KAPALA
District Judge